UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

KARLENE AYLSWORTH,   Case No. HG 12-05448
                     Chapter 13
   Debtor.            Hon. Scott W. Dales
_____/

ORDER REGARDING CHAPTER 13 HARDSHIP DISCHARGE

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

On January 16, 2014, Debtor Karlene Aylsworth, through counsel, filed her Motion for Hardship Discharge Under 11 U.S.C. § 1328(b) (DN 46, the "Motion"). The court held a hearing to consider the Motion on February 5, 2014. At the hearing, Debtor's counsel proffered testimony to support Debtor's claim that she cannot complete her plan payments due to medical problems and employment loss, and argued that the Debtor's creditors have received through the plan as much as they would have received had the case proceeded under Chapter 7.

Based on the Motion and the statements of counsel at the February 5, 2014 hearing, the court is satisfied that the Debtor has met the requirements for a hardship discharge under 11 U.S.C. § 1328(b). The court cannot blame the Debtor for her medical problems and employment loss, she can neither make payments nor meaningfully amend her plan without income, and her schedules suggest that her debts far exceed her non-exempt assets, so a Chapter 7 liquidation would have been fruitless. *See* 11 U.S.C. § 1328(b). Nevertheless, Fed. R. Bankr. P. 4007(d) requires the court to set a deadline for filing complaints under 11 U.S.C. § 523(a)(6), and give creditors notice of the deadline. In addition, 11 U.S.C. § 1328(h) requires notice and an opportunity for hearing regarding other possible objections to discharge. The court intends this Order to grant the Motion, set the deadline, and give creditors notice, as required by Rule 4007(d) and 11 U.S.C. § 1328(h). For the reasons set forth in this Order and on the record,

NOW, THEREFORE, IT IS HEREBY ORDERED:

(1) The Motion (DN 46) (for hardship discharge pursuant to 11 U.S.C. § 1328(b) is GRANTED as provided herein;

(2) Any creditor who seeks to except a particular debt from discharge under 11 U.S.C. § 523(a)(6) must file a complaint with the court to determine the dischargeability of the debt under Section 523(a)(6) on or before April 7, 2014;

(3) Any party-in-interest who opposes discharge under 11 U.S.C. § 1328(h) shall file a motion raising the issue on or before March 7, 2014;

(4) Promptly after entry of this Order, the Clerk shall serve it upon the Debtor, her counsel, the Trustee, the United States Trustee, and all creditors, pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4;

(5) Within fourteen (14) days after the Clerk serves this Order, the Debtor shall file, unless previously filed, proof that the Debtor completed an instructional course concerning personal financial management described in 11 U.S.C. § 111, or file a motion seeking a further order under 11 U.S.C. § 109(h)(4) excusing compliance with 11 U.S.C. §§ 111 & 1328(g)(1);

(6) The Clerk shall enter an order discharging the Debtor pursuant to 11 U.S.C. § 1328(b) promptly after April 7, 2014, if no complaint or motion has been timely filed as provided in paragraphs 2 and 3.

IT IS FURTHER ORDERED that the court will reopen the record, and require the debtor to testify again, if a party in interest so requests by filing a motion to reopen the record within 21 days after entry of this Order.

IT IS SO ORDERED.

END OF ORDER

**IT IS SO ORDERED.**

**Dated February 6, 2014**



Scott W. Dales  
United States Bankruptcy Judge